BROOKS *vs.* FRENCH, sheriff, &c.

A defendant, in a judgment rendered before a justice, is entitled to his discharge after an imprisonment of *thirty days*, if he has a family and is not a freeholder, although a transcript of the judgment has been filed in the county clerk's office, and the execution whereon he is imprisoned is issued by the clerk of the county.

ERROR from the Montgomery common pleas. This cause was brought into the Montgomery common pleas by an appeal from a justice's judgment. Brooks sued French, sheriff of the county, for the escape of one *Murphy*, who was charged in execution on a justice's judgment, rendered in 1828, for $31,68 in favor of Brooks; a *transcript* of the judgment had been filed in the clerk's office of the county, and the execution on which Murphy was arrested was issued 23d April, 1829, by the *clerk of the county.* On the 10th July, 1829, Murphy made affidavit that he had remained *in prison by virtue of an execution issued on a judgment* in favor of the plaintiff, rendered before A. B., a *justice of the peace* of the county of Montgomery, for more than thirty days; that he was not a freeholder when the judgment was rendered, or at any time since, and that he had a family in the state of New-York, for which he provided. The sheriff in his plea admitted the judgment, the filing of the transcript, the issuing of the execution and the arrest thereon, and then set forth the making of the affidavit by Murphy; and that after the making and filing thereof, Murphy went at large, as he

lawfully might. The plaintiff demurred to the plea, and the C. P. gave judgment for the defendant. The plaintiff sued out a writ of error, and with the record was sent up the affidavit of Murphy.

*P. Brooks, jun., in pro. per.,* insisted, 1. That the act of 1824, under which the proceedings against Murphy were had, does not authorize an imprisoned debtor, under a *transcript execution,* to be discharged from such imprisonment after thirty days, on the ground of his having a family and not being a freeholder; and, 2. That the affidavit of Murphy does not shew that he was imprisoned on an execution issued by the *clerk of the county,* but that on the contrary it appears that he was imprisoned on an execution issued by a *justice of the peace.*

*A. Morrell,* for defendant in error.

*By the Court,* SUTHERLAND, J. The only question in the case is, whether the provisions of the *sixteenth* section of the act for the recovery of debts of the value of *fifty dollars, Statutes, vol.* 6, *c.* 288, allowing discharges in certain cases, are applicable to justice's judgments, the *transcripts* of which have been filed in the county clerk's office, and upon which executions have been issued pursuant to the *twentieth* and *twenty-first* sections of the same act.

The language used in the *sixteenth* section is very broad and comprehensive; and although it refers more immediately and directly to executions issued by the *justice* and to be enforced by a *constable,* still in terms it extends to and embraces all cases of imprisonment under that act. After pointing out the duty of the constable, if he can find no property, to take the body of the person against whom the execution shall be issued, and to deliver him to the keeper of the common jail of the city or county, the section proceeds as follows: "and in case the person against whom such execution shall issue be a freeholder, such keeper is hereby commanded to keep him in safe custody, &c. until the debt or damages with costs shall be fully paid, or he be thence discharg-

ed by due course of law ; and in-case *any such person, having a family* in this state for which he provides, and *not being a freeholder* at the time of rendering the judgment in such case, *who now is or hereafter shall be imprisoned under this act,* and shall have remained in prison for more than thirty days ; and any person, *not having a family* and not being a freeholder at the time of making his affidavit hereinafter mentioned, and who now is or hereafter shall be imprisoned *under this act,* and shall have so remained in prison for more than *sixty days,* shall in either case be discharged from prison," &c. A person imprisoned upon a transcript judgment and execution is undoubtedly imprisoned *under that act;* and unless the previous expression *any such person* clearly and unequivocally restricts the subsequent provisions to persons arrested by a *constable* upon an execution issued *by a justice,* it is our duty to give to the act the most liberal construction of which it is susceptible in favor of personal liberty.

The right to file a transcript of a justice's judgment in the county clerk's office, and thereby render it a *lien* on the real estate of the defendant, was first given by the act of 1818, extending the jurisdiction of justices of the peace. The privilege of being discharged after a limited imprisonment, where the defendant was not a freeholder, was not incorporated in *terms* into this act; but the twelfth section enacted that all the provisions of the *twenty-five dollar* act of 1813 should apply to that act, except as therein otherwise directed. The twelfth section of the act of 1813 is substantially the same as the sixteenth section of the act of 1824. Now it was held, in the case of *Harwood, an imprisoned debtor,* 15 *Johns. R.* 397, that a defendant imprisoned upon an execution issued upon a justice's judgment which had been recorded with the clerk of the county, was entitled to the benefit of the provisions of the twelfth section of the act of 1813, to be discharged upon making the affidavit therein prescribed. *Vide also Coman* v. *Merrill & Anderson,* 19 *Johns. R.* 277. In the latter case, however, it does not appear whether the defendant was imprisoned upon a transcript judgment or not. The act of 1824, under which the question now arises, is a consolidation into one act of the various provisions of the *twenty-*

*five dollar* act of 1813, and of the act of April 10th, 1818, without any alteration which can affect the point in question, except, that under the act of 1818, the execution upon a recorded judgment, though issued by the clerk of the county, was tested in the name of the *justice* who rendered the judgment, whereas by the act of 1824 it is to be tested in the name of the *first judge* or senior judge of the county court; but in both cases it was to be issued by the clerk of the county, and signed by him under the seal of his office. The alteration of the *test* is in no respect material in the construction of the acts.

There is no reason to suppose that the legislature intended, by the act of 1824, to deprive imprisoned debtors of any of the privileges which they before possessed. The course of legislation in this state has been constantly in a different direction. With a full knowledge of the construction which had been given to the act of 1818, in the case of *Harwood,* if the legislature had thought the construction wrong, or had intended to alter the law and restrict the right to a discharge, where the defendant was not a freeholder, to cases in which the imprisonment was by virtue of an execution issued by the *justice* who rendered the judgment, they would have used language so clear and explicit as to be incapable of misconstruction. They have, however, on the contrary, adopted a phraseology which in terms embraces the case in question. Murphy was imprisoned under the act of 1824. The judgment was rendered by the justice, and the execution was issued in pursuance of the express provisions of that act. The court below, therefore, were correct in the construction which they gave to the law in question. The affidavit of Murphy conformed substantially to the directions of the statute.

Judgment affirmed.